IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 16-cv-01923-PAB-CBS

FRONT RANGE CHRISTIAN MINISTRIES d/b/a Front Range Christian School, a Colorado corporation,

    Plaintiff,

v.

THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation,

    Defendant.

---

# ORDER

---

This matter is before the Court on defendant's Motion to Dismiss Count II of Plaintiff's Complaint [Docket No. 10] pursuant to Fed. R. Civ. P. 12(b)(6). The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND[1]

This case concerns an insurance claim for hail damage. Defendant issued a property insurance policy to RYMILY, LLC for property located in Littleton, Colorado. Docket No. 4 at 1-2, ¶ 2-3. Plaintiff is the assignee of rights under that insurance policy. *Id*. at 1, ¶ 2. The insured property was damaged by a hail storm on or about June 5, 2014. *Id*. at 2, ¶ 7. Plaintiff acknowledges that defendant adjusted the claim and made partial payment on the loss, but alleges that defendant recklessly failed to investigate

---

[1] The following facts are drawn from plaintiff's complaint, Docket No. 4, and are assumed to be true for the purposes of this order. *See Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

plaintiff's claim and properly estimate the damage. *Id*. at 3, ¶ 22-24.

On June 3, 2016, plaintiff filed its complaint in the District Court for the City and County of Denver, Colorado . Docket No. 4.  Plaintiff's complaint includes two claims for relief: (1) breach of contract under the assigned insurance policy, *id*. at 3-4; and (2) unreasonable delay and denial of payment of covered benefits pursuant to Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 ("statutory bad faith claim").  *Id*. at 4-5.  Defendant removed the case to this Court on July 28, 2016.  Docket No. 1.

On August 4, 2016, defendant filed its motion to dismiss the second claim. Docket No. 10.  Defendant argues that such claim is punitive in nature and therefore not assignable under Colorado law.  *Id*. at 3 (citing *Kruse v. McKenna*, 178 P.3d 1198, 1201 (Colo. 2008)).  Plaintiff responds that its statutory bad faith claim is remedial in nature, rather than punitive, and therefore assignable.  Docket No. 12 at 6.  Plaintiff also argues that it is a "first-party claimant" within the meaning of § 10-3-1115 and therefore it is able to bring a claim under § 10-3-1116.  *Id*.

## II.  STANDARD OF REVIEW

The Court's function on a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is sufficient to plausibly state a claim.  Fed. R. Civ. P. 12(b)(6); *see also Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted).  In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Alvarado*, 493 F.3d at 1215 (quotation marks

and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

## III. ANALYSIS

Under Colorado law, claims are assignable if they would survive the death of the person initially entitled to assert the claim. *Kruse*, 178 P.3d at 1200 (quoting *Micheletti v. Moidel*, 32 P.2d 266, 267 (Colo. 1934) ("The general rule is that assignability and descendibility go hand in hand.")). Consequently, courts look to Colorado's survival statute, Colo. Rev. Stat. § 13-20-101, to determine if claims can be assigned. The statute states that "punitive damages shall not be awarded nor penalties adjudged after the death of the person against whom such punitive damages or penalties are claimed." *Id.*[2] Thus, if claims are "claims for 'penalties' that do not survive according to this statute, then those claims could not be validly assigned" and the assignor lacks standing to bring them. *Kruse*, 178 P.3d at 1200. The Colorado Supreme Court has adopted a three-part test to determine whether a statute is penal and claims under it are assignable. *Id.* at 1201. Courts look to "whether (1) the statute asserted a new and distinct cause of action; (2) the claim would allow recovery without proof of actual damages; and (3) the claim would allow an award in excess of actual damages." *Id.*

A statute can be both penal and remedial in nature. *Moeller v. Colorado Real Estate Comm'n*, 759 P.2d 697, 701 (Colo. 1988). "When a statute is both remedial and

---

[2] The Colorado Supreme Court has adopted an interpretation that applies this phrase regardless of whether the plaintiff or defendant dies. *See Warren v. Liberty Mut. Fire Ins. Co.*, No. 05-cv-01891-PAB-MEH, 2011 WL 1103160, at *9 (D. Colo. Mar. 24, 2011) (discussing *Kruse*, 178 P.3d at 1200).

3

penal in nature, the remedial and penal elements are separated and the appropriate standard is applied to each." *Id*. (citing *Credit Men's Adjustment Co. v. Vickery*, 161 P. 297, 298 (Colo. 1916) (*"Vickery"*)). The determination of whether a portion of the statute is penal or remedial depends on the facts of the case. *Id*. *Vickery* examined a now-repealed statute that allowed creditors to recover on corporate debts directly from the directors of a corporation if the corporation failed to file an annual report. 161 P. at 297. The court determined that, while the statute penalized the directors, it was remedial with respect to the creditors because it only allowed them to collect the amount of their debt. *Id*. at 297-98.[3] Therefore, the court determined the creditors' claims were assignable and their assignees could bring claims against the directors to collect on the debt. *Id*. at 298.

The Colorado Supreme Court has distinguished between penal and remedial remedies even when they arise from a single statutory section. In *Carlson v. McCoy*, 566 P.2d 1073 (Colo. 1977), the court analyzed Colo. Rev. Stat. § 38-12-103, which provides remedies where a landlord does not return a portion of a tenant's security deposit and does not provide written reasons for doing so. Such a landlord is "liable for treble the amount of that portion of the security deposit wrongfully withheld from the tenant, together with reasonable attorney fees and court costs." Colo. Rev. Stat. § 38-12-103(3)(a). The court reasoned that this statute is "both penal and remedial in

---

[3] In *Kruse,* the court acknowledged that it has adopted a new test overruling the test applied in *Vickery*, but the new test maintains the same principle of looking to whether "the claim would allow an award in excess of actual damages." 178 P.3d at 1201 (citations omitted).

nature." *Carlson*, 566 P.2d at 1075. The court held the treble damages remedy was penal, but that "the right of recovery of the deposit, and the award of attorney's fees which helps to vindicate that right, act not as punishment for the public good, but as redress for private wrongs." *Id*. Accordingly, the court applied the one-year statute of limitations applicable to penal statutes[4] to the treble damages remedy and the six-year statute of limitation applicable to remedial statutes under Colo. Rev. Stat. § 13-80-110(1) to the attorney fees remedy.

A statutory bad faith claim allows a successful plaintiff to "recover reasonable attorney fees and court costs and two times the covered benefit." Colo. Rev. Stat. § 10-3-1116(1). This Court has previously addressed the issue of whether a statutory bad faith claim is a penalty in the context of determining the statute of limitations for such claims. *Gerald H. Phipps, Inc.*, 2015 WL 5047640, at *3. The Court held that "Section 10-3-1116(1) satisfies all three elements of the *Kruse* test and is thus properly characterized as a statutory penalty." *Id*. (citing *Hernandez v. Am. Standard Ins. Co. of Wisc.*, No. 11-cv-03076-RBJ, 2013 WL 6633392, at *3-*4 (D. Colo. Dec. 16, 2013) (applying the *Kruse* test and holding that claims under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116 are penalties and therefore unassignable)). Other judges in this district who have addressed this issue concur that the remedy available under § 10-3-1116 is a penalty. *Hernandez*, 2013 WL 6633392, at *4 (collecting cases).

---

[4] At that time, the one-year statute of limitations for penal actions was codified at Colo. Rev. Stat. § 13-80-104, but now it is codified at § 13-80-103(1)(d). *See* 1986 Colo. Laws, S.B. 69, § 1; *Gerald H. Phipps, Inc. v. Travelers Prop. Cas. Co. of Am.*, No. 14-cv-01642-PAB-KLM, 2015 WL 5047640, at *1 (D. Colo. Aug. 27, 2015), *aff'd on other grounds*, 2017 WL 631637 (10th Cir. Feb. 16, 2017).

On November 17, 2016, the Colorado Court of Appeals decided *Casper v. Guarantee Trust Life Ins. Co.*, 2016 COA 167, 2016 WL 6803070 (Colo. App. Nov. 17, 2016), *reh'g denied* Dec. 15, 2016, *and cert. pet. filed sub nom Guarantee Trust Life v. Estate of Casper, Michael*, No. 2017SC000002 (Colo. 2017). In *Casper*, the plaintiff died between the time that the jury returned a verdict in his favor on his statutory bad faith claim and the time that the trial court entered final judgment awarding attorney fees. *Id*. at *2. The court of appeals considered whether Mr. Casper's statutory bad faith claim survived his death and distinguished between the two remedies available in analyzing whether the statute was punitive. *Id*. at *10 (citing *Moeller*, 759 P.2d at 701). It reasoned that, "[a]lthough section 10-3-1116 may be penal in the sense that the General Assembly intended for it to punish insurance companies and deter them from unreasonably denying the claims of their insureds, *see* [*Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 972 (Colo. App. 2011)], the penal nature of the statute only manifests itself in the ability to recover two times the amount of the covered benefit." *Id*. (citing *Gerald H. Phipps, Inc.*, 2015 WL 5047640, at *2). The court of appeals did not apply the *Kruse* test, but it concluded that the attorney fees and costs available under § 10-3-1116 were properly classified "as actual or compensatory damages," rather than penalties, and therefore survived the death of Mr. Casper. *Id*. at *11.

In cases arising under diversity jurisdiction, as here, the Court "must follow the most recent decisions of the state's highest court." *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 665-66 (10th Cir. 2007) (citing *Wankier v. Crown Equip. Corp.*, 353 F.3d 862, 866 (10th Cir. 2003)). The Colorado Supreme Court has not decided the issue of

whether the remedies under § 10-3-1116 are penal, but has been asked to do so.  On February 8, 2017, Judge William J. Martinez of this court certified to the Colorado Supreme Court, pursuant to Colorado Appellate Rule 21.1, the question of whether actions under §§ 10-3-1115 and 10-3-1116 are penal such that the one-year statute of limitations applies.  *See Rooftop Restorations, Inc. v. Am. Family Mut. Ins. Co.*, No. 15-cv-02560-WJM-MJW, 2017 WL 514060, at *3 (D. Colo. Feb. 8, 2017).[5]  On March 3, 2017, the Colorado Supreme Court accepted the following question:

> Is a claim brought pursuant to Colorado Revised Statutes § 10-3-1116 subject to the one-year statute of limitations found in Colorado Revised Statutes § 13-80-103(d) and applicable to "All actions for any penalty of forfeiture of any penal statutes"?

*Rooftop Restorations, Inc. v. Am. Family Mut. Ins. Co.*, No. 2017SA31 (Colo. March 3, 2017); *Rooftop Restorations, Inc.*, No. 15-cv-02560-WJM-STV, Docket No. 37 at 2. Because the resolution of this question should resolve the related question of law raised by the present motion, the Court will deny defendant's motion with leave to refile after the Colorado Supreme Court addresses whether the remedies under § 10-3-1116 are penal.

---

[5] Two other judges from this district have discussed the issue in the wake of *Casper*, but neither resolved the issue.  *See MacKinney v. Allstate Fire & Cas. Ins. Co.*, No. 16-cv-01447-NYW, 2016 WL 7034977, at *8 (D. Colo. Dec. 1, 2016) (Wang, M.J.) (denying motion with leave to renew); *Pinewood Townhome Ass'n, Inc v. Auto Owners Ins. Co.*, No. 15-cv-01604-CMA-NYW, 2017 WL 590294, at *4 n.3 (D. Colo. Feb. 13, 2017) (Arguello, J.) (acknowledging the issue, but denying summary judgment based on disputed material facts).  On February 16, 2017, the Tenth Circuit affirmed this Court's grant of summary judgment in *Gerald H. Phipps, Inc.*, but did not reach the issue of whether § 10-3-1116 is penal.  *See Gerald H. Phipps, Inc.*, 2017 WL 631637, at *4.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's Motion to Dismiss Count II of Plaintiff's Complaint [Docket No. 10] is **DENIED** with leave to refile after the Colorado Supreme Court resolves the question accepted in *Rooftop Restorations, Inc. v. Am. Family Mut. Ins. Co.*, No. 2017SA31 (Colo.).

DATED March 27, 2017.

            BY THE COURT:

            s/Philip A. Brimmer
            PHILIP A. BRIMMER
            United States District Judge